**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Kimberly Young Watson and James Watson, II, Defendants,

Of whom Kimberly Young Watson is the Appellant,

In the interest of minors under the age of eighteen.

Appellate Case No. 2013-001292

———————————

Appeal From Jasper County
Peter L. Fuge, Family Court Judge

———————————

Unpublished Opinion No. 2014-UP-214
Submitted May 23, 2014 – Filed June 3, 2014

———————————

**AFFIRMED**

———————————

Naki Richardson-Bax, of The Bax Law Firm, PA, of Beaufort, for Appellant.

Scarlet Bell Moore, of South Carolina Department of Social Services, of Greenville, for Respondent.

Greg Galvin, of Bluffton, for the Guardian ad Litem.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006) ("Before parental rights can be forever terminated, the alleged grounds for the termination must be proven by clear and convincing evidence."); S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013) (providing the family court may order termination of parental rights (TPR) upon finding one statutory ground and that termination is in the child's best interest); *id.* § 63-7-2570(1) (stating a statutory ground for TPR is met if "[t]he child or another child while residing in the parent's domicile has been harmed as defined in Section 63-7-20, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months."); *id.* ("In determining the likelihood that the home can be made safe, the parent's previous abuse or neglect of the child or another child may be considered."); *id.* § 63-7-2570(4) (stating a ground for TPR is met if "[t]he child has lived outside of the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child"); *id.* § 63-7-2570(8) (providing a ground for TPR is met if "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (stating the best interest of the child is "the paramount consideration"); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

**AFFIRMED.**[1]

**HUFF and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.